IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| LUKE WILSON | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 5:21-CV-00055 |
| THE TOWN OF MOUNT JACKSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF 12(b)(6) MOTION TO DISMISS BY DEFENDANTS, OFFICER ROBERT YOUNG AND OFFICER MARK JOHNSON

Officer Robert Young and Officer Mark Johnson, of the Mount Jackson Police Department hereby submit their Memorandum of Law in Support of their Motion to Dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(6) and in support thereof state as follows:

I. **Introduction.**

This case arises out of a dispute between Luke Wilson and Todd Holtzman, related to a foreclosure transaction, which ultimately lead to Mr. Wilson being arrested and charged with trespassing and burglary. Plaintiff makes various allegations regarding the Town of Mount Jackson, Chief of Police Jeff Sterner, Sergeant Keith Cowart and Officer Christina Whorton. However, other than identifying Officer Young and Officer Johnson, there are no specific allegations stated in the Complaint which give rise to a cause of action against either of them, and therefore this Complaint should be dismissed against these two defendants.

## II. **Allegations of the Complaint.**

Plaintiff's sole and specific allegations regarding Officer Young and Officer Johnson are contained in paragraph 13, where plaintiff alleges that they were employees of the defendant, Mount Jackson, employed as police officers with the Mount Jackson Police Department. Although plaintiff alleges that he was wrongfully arrested, defamed and maliciously prosecuted, Officers Young and Johnson are not mentioned regarding the chronology of events giving rise to this cause of action in any other paragraph. Instead, plaintiff focuses attention in the allegations on the other officers and individuals, without identifying any specific allegations unique to Officers Young and Johnson.

## III. **Standard of Review.**

The Court, in deciding a Rule 12(b)(6) motion, must take all well pleaded material allegations of a complaint as admitted and review them in the light most favorable to the plaintiff. DeSole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991), "Legal conclusions, elements of a cause of action and bare assertions devoid of further factual enhancement fail the constituted well pled facts for Rule 12(b) purposes."; Menet Chevrolet, LTD v. ConsumerAffairs.Com, 591 F.3d 250 (255) (4th Cir. 2009), Mere labels and conclusions in a complaint are insufficient. ; Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), The court stated "without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim but also grounds on which the claim rests." Id. at 556.

IV. **Legal Argument.**

Plaintiff has failed to identify any specific acts, omissions or conduct by Officers Young and Johnson which gives rise to a cause of action. The specific allegations identified throughout this Complaint relate to other parties. It appears that Officers Young and Johnson have merely been included in this cause of action because they are employees of the Mount Jackson Police Department. There is no allegation of any of the following activities (1) defamation by these defendants, including any specific statement they may have made, (2) any act or omission related to the arrest of Mr. Wilson. It is not alleged that either Officers Young or Johnson were involved in making the decision to go forward to arrest Mr. Wilson, (3) there are no allegations of a civil conspiracy regarding these defendants with either the defendant Holtzman or any other party, and (4) the only specific allegations regarding these two individuals, is listing them as employees of the Town of Mount Jackson.

The Complaint is completely silent other than generic conclusory allegations stating that all defendants did various activities without specifying what Officers Young and Johnson did. In contrast, plaintiff offers extensive factual allegations regarding other parties and alleged misconduct, but nothing specific about these individuals.

These defendants are not on notice of anything in particular that they did and this Complaint is woefully inadequate. The Complaint must be dismissed against Officers Young and Johnson.

WHEREFORE, the foregoing considered, the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), should be granted as the Complaint fails to allege a cause of action against Officers Young and Johnson. Plaintiff should not be allowed to amend, as this claim fails in its entirety against these two individual officers.

                                              **OFFICER ROBERT YOUNG and**
                                              **OFFICER MARK JOHNSON**
                                              By Counsel

  /s/ John D. McGavin
John D. McGavin, VSB No. 21794
jmcgavin@bmhjlaw.com
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2021, a true and accurate copy of the foregoing Memorandum of Law in Support of 12(b)(6) Motion to Dismiss was sent via the CM/ECF to:

David Wood Silek, Esq.
Silek Law Group, PC
8229 Boone Blvd., Suite 610
Vienna, VA 22182
dsilek@sileklaw.com

Thomas Ray Breeden, Esq.
Thomas R. Breeden, PC
10326 Lomond Drive
Manassas, VA 20109
trb@tbreedenlaw.com

Brian L. Bromberg, Esq.
Joshua Tarrant-Windt, Esq.
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, NY 11225

Counsel for Plaintiff

                                         /s/ John D. McGavin
                                         John D. McGavin