## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

**LUKE WILSON,**

        Plaintiff,

v.                                                **Civil Action No. 5:21-cv-00055**

**THE TOWN OF MOUNT JACKSON, CHIEF
OF POLICE JEFF STERNER, SERGEANT
KEITH COWART, and POLICE OFFICERS
CHRISTINA WHORTON, ROBERT YOUNG,
and MARK JOHNSON of the MOUNT
JACKSON POLICE DEPARTMENT, and
TODD HOLTZMAN,**

        Defendants.

## ANSWER TO COMPLAINT

      COMES NOW Defendant, Sergeant Keith Cowart, by counsel, denying that he is liable to

Plaintiff in any sum under any legal theory of recovery, and for his answer avers as follows:

1.    This Defendant admits that the Plaintiff has filed an action for monetary damages but

      denies any allegation contained in Paragraph 1 of the Complaint that he in any way

      falsely arrested, maliciously prosecuted or defamed the Plaintiff.

2.    The allegations of Paragraph 2 of the Complaint do not require an answer of this

      Defendant.

3.    This Defendant denies any allegation in Paragraph 3 of the Complaint that he was

      responsible for or participated in any type of conspiracy upon the Plaintiff and, further,

      this Defendant denies that he knew or should have known of the legal title or ownership

      of any real estate claimed by the Plaintiff.

4.     This Defendant denies the allegations of Paragraph 4 of the Complaint.

5.     This Defendant denies the allegations of Paragraph 5 of the Complaint.

6.     This Defendant denies that he in any way conspired with Defendant Holtzman as alleged in Paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint does not require a response of this Defendant.

8.     Paragraph 8 of the Complaint does not require a response of this Defendant.

9.     This Defendant admits that he resides within the boundaries of the Western District of Virginia but denies that he is responsible for any of the events or omissions giving rise to the Plaintiff's claims as alleged in Paragraph 9 of the Complaint.

10.    This Defendant admits the allegations of Paragraph 10 of the Complaint.

11.    This Defendant admits the allegations of Paragraph 11 of the Complaint.

12.    This Defendant admits the allegations of Paragraph 12 of the Complaint.

13.    This Defendant admits the allegations of Paragraph 13 of the Complaint.

14.    This Defendant denies the allegations of Paragraph 14 of the Complaint.

15.    This Defendant denies the allegations of Paragraph 15 of the Complaint.

16.    Paragraph 16 of the Complaint does not require a response of this Defendant.

17.    Paragraph 17 of the Complaint does not require a response of this Defendant.

18.    Paragraph 18 of the Complaint does not require a response of this Defendant.

19.    Paragraph 19 of the Complaint does not require a response of this Defendant.

20.    Paragraph 20 of the Complaint does not require a response of this Defendant.

21.    Paragraph 21 of the Complaint does not require a response of this Defendant.

22.    Paragraph 22 of the Complaint does not require a response of this Defendant.

23.    Paragraph 23 of the Complaint does not require a response of this Defendant.

24. Paragraph 24 of the Complaint does not require a response of this Defendant.

25. Paragraph 25 of the Complaint does not require a response of this Defendant.

26. Paragraph 26 of the Complaint does not require a response of this Defendant.

27. Paragraph 27 of the Complaint does not require a response of this Defendant.

28. Paragraph 28 of the Complaint does not require a response of this Defendant.

29. Paragraph 29 of the Complaint does not require a response of this Defendant.

30. Paragraph 30 of the Complaint does not require a response of this Defendant.

31. Paragraph 31 of the Complaint does not require a response of this Defendant.

32. Paragraph 32 of the Complaint does not require a response of this Defendant.

33. Paragraph 33 of the Complaint does not require a response of this Defendant.

34. Paragraph 34 of the Complaint does not require a response of this Defendant.

35. Paragraph 35 of the Complaint does not require a response of this Defendant.

36. Paragraph 36 of the Complaint does not require a response of this Defendant.

37. Paragraph 37 of the Complaint does not require a response of this Defendant.

38. Paragraph 38 of the Complaint does not require a response of this Defendant.

39. Paragraph 39 of the Complaint does not require a response of this Defendant.

40. This Defendant does not have sufficient information or knowledge to admit or deny the allegations of Paragraph 40 of the Complaint and, therefore, demands strict proof thereof.

41. This Defendant does not have sufficient information or knowledge to admit or deny the allegations of Paragraph 41 of the Complaint and, therefore, demands strict proof thereof.

42. Paragraph 42 of the Complaint does not require a response of this Defendant.

43.   Paragraph 43 of the Complaint does not require a response of this Defendant.

44.   Paragraph 44 of the Complaint does not require a response of this Defendant.

45.   Paragraph 45 of the Complaint does not require a response of this Defendant.

46.   Paragraph 46 of the Complaint does not require a response of this Defendant.

47.   Paragraph 47 of the Complaint does not require a response of this Defendant.

48.   This Defendant denies that he in any way coordinated with Defendant Holtzman concerning the events alleged in Paragraph 48 of the Complaint and further denies that he was aware of any right that Plaintiff had in any real estate property located in the Town of Mount Jackson.

49.   Paragraph 49 of the Complaint does not require a response of this Defendant.

50.   Paragraph 50 of the Complaint does not require a response of this Defendant.

51.   Paragraph 51 of the Complaint does not require a response of this Defendant.

52.   Paragraph 52 of the Complaint does not require a response of this Defendant.

53.   This Defendant denies that he in any way coordinated with Defendant Holtzman as alleged in Paragraph 53 of the Complaint.

54.   Paragraph 54 of the Complaint does not require a response of this Defendant.

55.   This Defendant denies that he has any "strong connections" to Defendant Holtzman as alleged in Paragraph 55 of the Complaint.

56.   Paragraph 56 of the Complaint does not require a response of this Defendant.

57.   Paragraph 57 of the Complaint does not require a response of this Defendant.

58.   This Defendant admits that the Mount Jackson Police Department operates out of the Town's Town Hall; all other allegations of Paragraph 58 of the Complaint are denied.

59.   This Defendant denies that the allegations of Paragraph 59 of the Complaint have any relevance to any issues raised by the Plaintiff; furthermore, this Defendant does not have sufficient information to admit or deny said allegations and, if relevant, demands strict proof thereof.

60.   This Defendant denies that the allegations of Paragraph 60 of the Complaint have any relevance to any issues raised by the Plaintiff; furthermore, this Defendant does not have sufficient information to admit or deny said allegations and, if relevant, demands strict proof thereof.

61.   This Defendant denies that Defendant Holtzman "directed" him to take any such action as alleged in Paragraph 61 of the Complaint.

62.   This Defendant denies the allegations of Paragraph 62 of the Complaint as those allegations pertain to him.

63.   This Defendant denies the allegations of Paragraph 63 of the Complaint as those allegations pertain to him.

64.   This Defendant admits that Town Police Officers made regular patrols of all property in the Town and would assume that numerous different properties were observed or "patrolled" by the officers on duty at the time alleged in Paragraph 64 of the Complaint.

65.   This Defendant admits that Town Police Officers made regular patrols of all property in the Town and would assume that numerous different properties were observed or "patrolled" by the officers on duty at the time alleged in Paragraph 65 of the Complaint.

66.   This Defendant did not make any independent investigation as to the name of the person or entity who owned or controlled 6091 Main Street, Mount Jackson, did not

know how to make any such independent investigation and could not have done so over

a weekend as alleged in Paragraph 66 of the Complaint.

67. This Defendant denies the allegations of Paragraph 67 of the Complaint.

68. This Defendant denies the allegations of Paragraph 68 of the Complaint.

69. This Defendant denies the allegations of Paragraph 69 of the Complaint.

70. This Defendant is without sufficient information to admit or deny the allegations of

Paragraph 70 and, therefore, demands strict proof thereof.  Said allegations of

Paragraph 70 of the Complaint provide no basis for any claim against this Defendant.

71. This Defendant is without sufficient information to admit or deny the allegations of

Paragraph 71 and, therefore, demands strict proof thereof.  Said allegations of

Paragraph 71 of the Complaint provide no basis for any claim against this Defendant.

72. This Defendant is without sufficient information to admit or deny the allegations of

Paragraph 72 and, therefore, demands strict proof thereof.  Furthermore, the allegations

of Paragraph 72 of the Complaint do not provide the basis for any claim against this

Defendant.

73. This Defendant is without sufficient information to admit or deny the allegations of

Paragraph 73 and, therefore, demands strict proof thereof.  Furthermore, the allegations

of Paragraph 73 of the Complaint do not provide the basis for any claim against this

Defendant.

74. This Defendant denies the allegations of Paragraph 74 of the Complaint.

75. This Defendant denies the allegations of Paragraph 75 of the Complaint.

76. This Defendant denies the allegations of Paragraph 76 of the Complaint.

77. The allegations of Paragraph 77 of the Complaint do not require an answer of this Defendant.

78. The allegations of Paragraph 78 of the Complaint do not require an answer of this Defendant.

79. The allegations of Paragraph 79 of the Complaint do not require an answer of this Defendant.

80. The allegations of Paragraph 80 of the Complaint do not require an answer of this Defendant.

81. The allegations of Paragraph 81 of the Complaint do not require an answer of this Defendant.

82. The allegations of Paragraph 82 of the Complaint do not require an answer of this Defendant.

83. The allegations of Paragraph 83 of the Complaint do not require an answer of this Defendant.

84. The allegations of Paragraph 84 of the Complaint do not require an answer of this Defendant.

85. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 85 of the Complaint and, therefore, demands strict proof thereof.

86. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 86 of the Complaint and, therefore, demands strict proof thereof.

87. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 87 of the Complaint and, therefore, demands strict proof thereof.

88.   This Defendant is without sufficient information to admit or deny the allegations of Paragraph 88 of the Complaint and, therefore, demands strict proof thereof.

89.   This Defendant denies the allegations of Paragraph 89 of the Complaint as those allegations pertain to him.

90.   This Defendant is without sufficient information to admit or deny the allegations of Paragraph 90 of the Complaint and, therefore, demands strict proof thereof.

91.   The allegations of Paragraph 91 of the Complaint do not require an answer of this Defendant and do not form the basis for any claim against this Defendant.

92.   The allegations of Paragraph 92 of the Complaint do not require an answer of this Defendant and do not form the basis for any claim against this Defendant.

93.   The allegations of Paragraph 93 of the Complaint do not require an answer of this Defendant and do not form the basis for any claim against this Defendant.

94.   The allegations of Paragraph 94 of the Complaint do not require an answer of this Defendant and do not form the basis for any claim against this Defendant.

95.   The allegations of Paragraph 95 of the Complaint do not require an answer of this Defendant and do not form the basis for any claim against this Defendant.

96.   The allegations of Paragraph 96 of the Complaint do not require an answer of this Defendant and do not form the basis for any claim against this Defendant.

97.   This Defendant denies the allegations of Paragraph 97 of the Complaint as those allegations pertain to him.

98.   The allegations of Paragraph 98 of the Complaint do not require an answer of this Defendant.

99.   The allegations of Paragraph 98 of the Complaint do not require an answer of this Defendant.

100.  The allegations of Paragraph 100 of the Complaint do not require an answer of this Defendant.

101.  This Defendant admits that he talked by telephone with Officer Whorton but denies all other allegations of Paragraph 101 of the Complaint.

102.  This Defendant denies the allegations of Paragraph 102 of the Complaint.

103.  The allegations of Paragraph 103 of the Complaint do not require an answer of this Defendant.  Furthermore, said allegations do not form the basis of any claim against this Defendant.

104.  This Defendant denies the allegations of Paragraph 104 of the Complaint.

105.  This Defendant denies the allegations of Paragraph 105 of the Complaint.

106.  This Defendant denies the allegations of Paragraph 106 of the Complaint.

107.  This Defendant denies the allegations of Paragraph 107 of the Complaint.

108.  This Defendant denies the allegations of Paragraph 108 of the Complaint.

109.  The allegations of Paragraph 109 of the Complaint do not form the basis of any claim asserted against this Defendant and, furthermore, this Defendant is without sufficient information to admit or deny the said allegations and, therefore, demands strict proof thereof.

110.  The allegations of Paragraph 110 of the Complaint do not form the basis of any claim asserted against this Defendant and, furthermore, this Defendant is without sufficient information to admit or deny the said allegations and, therefore, demands strict proof thereof.

111. The allegations of Paragraph 111 of the Complaint do not form the basis of any claim asserted against this Defendant and, furthermore, this Defendant is without sufficient information to admit or deny the said allegations and, therefore, demands strict proof thereof.

112. This Defendant admits the allegations of Paragraph 112 of the Complaint.

113. The allegations of Paragraph 113 of the Complaint do not form the basis of any claim asserted against this Defendant and, furthermore, this Defendant is without sufficient information to admit or deny the said allegations and, therefore, demands strict proof thereof.

114. The allegation of Paragraph 114 of the Complaint does not require a response of this Defendant.

115. The allegation of Paragraph 115 of the Complaint does not require a response of this Defendant and does not form the basis of any claim asserted against this Defendant.

116. This Defendant is without sufficient information to admit or deny the allegations of Paragraph 116 of the Complaint and, therefore, demands strict proof thereof.

117. This Defendant asserts the allegations of Paragraph 117 of the Complaint are irrelevant to any issue raised in this case; this Defendant is unable to determine the understanding of court officials concerning this matter; and the allegations of Paragraph 117 do not form the basis of any claim against this Defendant.

118. This Defendant does not know when the Plaintiff "next appeared in court" as alleged in Paragraph 118 of the Complaint but does understand that pending charges against him were *nolle prossed*.

119. This Defendant admits the allegations of Paragraph 119 of the Complaint.

120. The allegations of Paragraph 120 of the Complaint do not form the basis of a claim against this Defendant and are irrelevant to this cause of action. If such allegations are relevant, this Defendant is without sufficient information to admit or deny the allegations and, therefore, demands strict proof thereof.

121. The allegations of Paragraph 121 of the Complaint do not form the basis of a claim against this Defendant and are irrelevant to this cause of action. If such allegations are relevant, this Defendant is without sufficient information to admit or deny the allegations and, therefore, demands strict proof thereof.

122. The allegations of Paragraph 122 of the Complaint do not form the basis of a claim against this Defendant and are irrelevant to this cause of action. If such allegations are relevant, this Defendant is without sufficient information to admit or deny the allegations and, therefore, demands strict proof thereof.

123. The allegations of Paragraph 123 of the Complaint do not pertain to this Defendant and do not form the basis of any claim against this Defendant. Furthermore, this Defendant is without sufficient information to admit or deny the allegations and, therefore, demands strict proof thereof.

124. The allegations of Paragraph 124 of the Complaint do not pertain to this Defendant and do not form the basis of any claim against this Defendant. Furthermore, this Defendant is without sufficient information to admit or deny the allegations and, therefore, demands strict proof thereof.

125. The allegations of Paragraph 125 of the Complaint do not pertain to this Defendant and do not form the basis of any claim against this Defendant. Furthermore, this Defendant

is without sufficient information to admit or deny the allegations and, therefore, demands strict proof thereof.

126. The allegations of Paragraph 126 of the Complaint do not pertain to this Defendant and do not form the basis of any claim against this Defendant. Furthermore, this Defendant is without sufficient information to admit or deny the allegations and, therefore, demands strict proof thereof.

127. The allegations of Paragraph 127 of the Complaint do not pertain to this Defendant and do not form the basis of any claim against this Defendant. Furthermore, this Defendant is without sufficient information to admit or deny the allegations and, therefore, demands strict proof thereof.

128. The allegations of Paragraph 128 of the Complaint do not pertain to this Defendant and do not form the basis of any claim against this Defendant. Furthermore, this Defendant is without sufficient information to admit or deny the allegations and, therefore, demands strict proof thereof.

129. The allegations of Paragraph 129 of the Complaint do not pertain to this Defendant and do not form the basis of any claim against this Defendant. Furthermore, this Defendant is without sufficient information to admit or deny the allegations and, therefore, demands strict proof thereof.

130. The allegations of Paragraph 130 of the Complaint do not pertain to this Defendant and, furthermore, this Defendant is not aware that Defendant Holtzman somehow lost his property.

131. The allegations of Paragraph 131 of the Complaint do not pertain to this Defendant and, furthermore, do not form the basis for any claim asserted against this Defendant.

Furthermore, this Defendant is without sufficient information to admit or deny the said allegations and, therefore, demands strict proof thereof.

132. The allegations of Paragraph 132 of the Complaint do not pertain to this Defendant and, furthermore, do not form the basis for any claim asserted against this Defendant. Furthermore, this Defendant is without sufficient information to admit or deny the said allegations and, therefore, demands strict proof thereof.

133. This Defendant denies that the Plaintiff was falsely arrested or maliciously prosecuted as alleged in Paragraph 133 of the Complaint. This Defendant is without sufficient information to admit or deny the other allegations of Paragraph 133 and, therefore, demands strict proof thereof.

134. The allegation of Paragraph 134 of the Complaint does not require a response of this Defendant.

135. This Defendant is aware that all persons arrested in the Town of Mount Jackson are treated exactly the same as the Plaintiff was in this situation.

136. This Defendant denies the allegations of Paragraph 136 of the Complaint.

137. This Defendant denies the allegations of Paragraph 137 of the Complaint.

138. The allegations of Paragraph 138 of the Complaint do not require a response of this Defendant and said allegations do not form the basis of any claim asserted against this Defendant.

139. The allegation of Paragraph 139 of the Complaint is without sufficient information to admit or deny the said allegation and, therefore, demands strict proof thereof.

140. This Defendant denies the allegation of Paragraph 140 of the Complaint.

141. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

142. This Defendant denies the allegations of Paragraph 142 of the Complaint as it pertains to this Defendant.

143. This Defendant denies the allegations of Paragraph 143 of the Complaint as it pertains to this Defendant.

144. This Defendant denies the allegations of Paragraph 144 of the Complaint as it pertains to this Defendant.

145. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

146. This Defendant denies the allegations of Paragraph 146 of the Complaint as it pertains to this Defendant.

147. This Defendant denies the allegations of Paragraph 147 of the Complaint as it pertains to this Defendant.

148. This Defendant denies the allegations of Paragraph 148 of the Complaint as it pertains to this Defendant.

149. This Defendant denies the allegations of Paragraph 149 of the Complaint as it pertains to this Defendant.

150. This Defendant denies the allegations of Paragraph 150 of the Complaint as it pertains to this Defendant.

151. This Defendant denies the allegations of Paragraph 151 of the Complaint as it pertains to this Defendant.

152. This Defendant denies the allegations of Paragraph 152 of the Complaint as it pertains to this Defendant.

153. This Defendant denies the allegations of Paragraph 153 of the Complaint as it pertains to this Defendant.

154. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

155. This Defendant denies the allegations of Paragraph 155 of the Complaint as it pertains to this Defendant.

156. This Defendant admits that charges which were brought against the Plaintiff were dismissed.  This Defendant denies the implication of the allegations of Paragraph 156 of the Complaint that such charges were improperly brought against the Plaintiff.

157. This Defendant denies the allegations of Paragraph 157 of the Complaint as it pertains to this Defendant.

158. This Defendant denies the allegations of Paragraph 158 of the Complaint as it pertains to this Defendant.

159. This Defendant denies the allegations of Paragraph 159 of the Complaint as it pertains to this Defendant.

160. This Defendant denies the allegations of Paragraph 160 of the Complaint.

161. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

162. The allegations of Paragraph 162 of the Complaint do not pertain to this Defendant as he was not present when the Plaintiff was arrested and, therefore, denies that he violated any duty or responsibility as alleged in Paragraph 162.

163. The allegations of Paragraph 163 of the Complaint do not pertain to this Defendant as he was not present when the Plaintiff was arrested and, therefore, denies that he violated any duty or responsibility as alleged in Paragraph 163.

164. This Defendant denies the allegations of Paragraph 164 of the Complaint as it pertains to this Defendant.

165. This Defendant denies the allegations of Paragraph 165 of the Complaint.

166. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

167. The allegation of Paragraph 167 of the Complaint does not require a response of this Defendant.

168. The allegation of Paragraph 168 of the Complaint does not require a response of this Defendant.

169. The allegation of Paragraph 169 of the Complaint does not require a response of this Defendant.

170. The allegation of Paragraph 170 of the Complaint does not require a response of this Defendant.

171. This Defendant denies that he was ordered by Chief Sterner to comply with the instruction of Holtzman as alleged in Paragraph 171 of the Complaint.

172. This Defendant denies the allegations of Paragraph 172 of the Complaint as it pertains to this Defendant.

173. This Defendant denies the allegations of Paragraph 173 of the Complaint as it pertains to this Defendant.

174. The allegations of Paragraph 174 of the Complaint do not require a response of this Defendant.

175. The allegations of Paragraph 175 of the Complaint do not require a response of this Defendant.

176. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

177. This Defendant denies the allegations of Paragraph 177 of the Complaint.

178. The allegation of Paragraph 178 of the Complaint does not require a response of this Defendant.

179. The allegations of Paragraph 179 of the Complaint do not require a response of this Defendant.

180. The allegation of Paragraph 180 of the Complaint does not require a response of this Defendant.

181. The allegations of Paragraph 181 of the Complaint do not require a response of this Defendant.

182. The allegation of Paragraph 182 of the Complaint does not require a response of this Defendant.

183. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

184. The allegation of Paragraph 184 of the Complaint does not require a response of this Defendant.

185. The allegations of Paragraph 185 of the Complaint do not require a response of this Defendant.

186. The allegations of Paragraph 186 of the Complaint do not require a response of this Defendant.

187. The allegation of Paragraph 187 of the Complaint does not require a response of this Defendant.

188. The allegation of Paragraph 188 of the Complaint does not require a response of this Defendant.

189. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

190. The allegation of Paragraph 190 of the Complaint does not require a response of this Defendant.

191. The allegation of Paragraph 191 of the Complaint does not require a response of this Defendant.

192. The allegation of Paragraph 192 of the Complaint does not require a response of this Defendant.

193. The allegation of Paragraph 193 of the Complaint does not require a response of this Defendant.

194. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

195. The allegation of Paragraph 195 of the Complaint does not require a response of this Defendant.

196. The allegations of Paragraph 196 of the Complaint do not require a response of this Defendant.

197. The allegations of Paragraph 197 of the Complaint do not require a response of this Defendant.

198. The allegation of Paragraph 198 of the Complaint does not require a response of this Defendant.

199. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

200. The allegations of Paragraph 200 of the Complaint do not require a response of this Defendant.

201. The allegations of Paragraph 201 of the Complaint do not require a response of this Defendant.

202. The allegation of Paragraph 202of the Complaint does not require a response of this Defendant.

203. The allegations of Paragraph 203 of the Complaint do not require a response of this Defendant.

204. The allegation of Paragraph 204 of the Complaint does not require a response of this Defendant.

205. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

206. The allegations of Paragraph 206 of the Complaint do not require a response of this Defendant.

207. The allegation of Paragraph 207 of the Complaint does not require a response of this Defendant.

208. The allegation of Paragraph 208 of the Complaint does not require a response of this Defendant.

209. The allegations of Paragraph 209 of the Complaint do not require a response of this Defendant.

210. The allegations of Paragraph 210 of the Complaint do not require a response of this Defendant.

211. The allegation of Paragraph 211 of the Complaint does not require a response of this Defendant.

212. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

213. The allegations of Paragraph 213 of the Complaint do not require a response of this Defendant.

214. The allegation of Paragraph 214 of the Complaint does not require a response of this Defendant.

215. The allegation of Paragraph 215 of the Complaint does not require a response of this Defendant.

216. The allegation of Paragraph 216 of the Complaint does not require a response of this Defendant.

217. The allegation of Paragraph 217 of the Complaint does not require a response of this Defendant.

218. This Defendant repeats and realleges each and every response he made to the preceding paragraphs as if set forth verbatim herein.

219. This Defendant denies that he in any way conspired with any individuals, specifically Defendant Holtzman, at any time and he further specifically denies that he undertook any mutual or joint action with Holtzman to permit the various torts alleged in Paragraph 219 of the Complaint.

220. This Defendant denies that he was directed by Defendant Holtzman to take any action against the Plaintiff or to assist Defendant Holtzman in any matter involving the Plaintiff or the Plaintiff's property as alleged in Paragraph 220 of the Complaint.

221. The allegations of Paragraph 221 of the Complaint do not require a response of this Defendant.

222. This Defendant denies that he in any way caused any damages to the Plaintiff which said damages are asserted in Paragraph 222 of the Complaint.

## **Affirmative Defenses**

1. This Defendant affirmatively alleges that the Plaintiff's claims against him are barred, in whole or in part, by the doctrine of Sovereign Immunity.

2. This Defendant affirmatively alleges that the Plaintiff's claims against him are barred, in whole or in part, by the doctrine of Qualified Immunity.

3. This Defendant affirmatively asserts that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request for punitive damages against him.  This Defendant further affirmatively states that, even if punitive damages may be awarded as to him, that such damages are limited by Virginia Code Section 8.01-38.1.

WHEREFORE, this Defendant prays that judgment be entered in his favor, that Plaintiff's Complaint be dismissed with prejudice, that Defendant be awarded his attorney's fees and costs, and provided whatever other relief the Court deems equitable and just.

TRIAL BY JURY IS REQUESTED.


SERGEANT KEITH COWART

By Counsel

Counsel:

*s/ James A. L. Daniel*
James A. L. Daniel, Esquire (VSB# 03881)
Martha W. Medley, Esquire (VSB#85324)
DANIEL, MEDLEY & KIRBY, P.C.
Post Office Box 720
110 North Union Street
Danville, Virginia 24543-0720
(434) 792-3911
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com


## CERTIFICATE OF COUNSEL

I hereby certify that on the 20th day of October, 2021, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF system, which will send notification of such filing to:

David Wood Silek, Esq.
Silek Law Group, PC
8229 Boone Blvd., Suite 610
Vienna, VA  22182
*Counsel for Plaintiff*

Thomas Ray Breeden, Esq.
Thomas R. Breeden, PC
10326 Lomond Drive
Manassas, VA  20109
*Counsel for Plaintiff*


William Bradford Stallard, Esq.
Penn Stuart & Eskridge
P.O. Box 2288
Abingdon, VA 24212-2288
*Counsel for Police Chief Jeff Sterner*


John D. McGavin, Esq.
BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
9990 Fairfax Blvd. Suite 400
Fairfax, Virginia 22030
*Counsel for Officer Robert Young
and Officer Mark Johnson*


And by United States First Class mailing to the following:

Brian L. Bromberg, Esq.
Joshua Tarrant-Windt, Esq.
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, New York 11225
*Counsel for Plaintiff*


Richard H. Milnor, Esq.
Zunka, Milnor & Carter, Ltd.
414 Park Street
P. O. Box 1567
Charlottesville, VA  22902
*Counsel for Town of Mount Jackson*

Christina Whorton, Officer
Mount Jackson Police Department
75 Main Street
Mt. Jackson, Virginia  22842
*Defendant, pro se*


Mr. Todd Holtzman
5534 North Main Street
Mt. Jackson, Virginia  22842
*Defendant, pro se*


*s/ James A. L. Daniel*